UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASHINGTON INTERNATIONAL
INSURANCE COMPANY,

        Plaintiff(s),

 v.

A OLYMPIC FORWARDER, INC., et al.,

        Defendant(s).
_____

EMERALD CITY INTERNATIONAL
CORPORATION, et al.,

        Third-party Plaintiffs,

 v.

GOSSELIN WORLD WIDE MOVING N.V., et al.,

        Third-party Defendants.

NO. C02-456P

AMENDED ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION/ MOTION FOR SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed:

1. Washington International Insurance Company's Motion for Summary Judgment

2. Defendants' Response to Plaintiff Washington International Insurance Company's Motion for Summary Judgment

3. Washington International Insurance Company's Reply Memorandum in Support of its Motion for Summary Judgment

4. Plaintiff's Attorney Fee Statement per December 13, 2004 Minute Entry

5. Objection to Plaintiff's Attorneys' Fee Statement per December 13, 2004 Minute Entry

6. Plaintiff's Motion for Reconsideration

**AMENDED ORD
ON SUMM JMT - 1**

7. Defendants' Response to Plaintiff WIIC's Motion for Reconsideration and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is PARTIALLY GRANTED; Plaintiff shall be granted summary judgment regarding their claim on the AOF bond for investigations conducted prior to the settlement reached in AOF's bankruptcy.

IT IS FURTHER ORDERED that Plaintiff shall be awarded $4,800.74 on that claim.

IT IS FURTHER ORDERED that Defendants are found to be the prevailing parties in this action.

IT IS FURTHER ORDERED that the Court's order entered on February 28, 2005 (Dkt. No. 124) is hereby STRICKEN and superseded by this order.

In their motion for reconsideration filed on March 7, 2005 (Dkt. No. 127), Plaintiff has requested a finding that, on the basis of being partially granted their request for summary judgment, they be designated as the prevailing party in this action. Both parties in this action were granted some portion of the relief which they sought. Where neither party wholly prevails, the determination of who is a prevailing party "depends upon who is the substantially prevailing party, and this question depends upon the extent of the relief afforded the parties." Riss v. Angel, 131 Wn.2d 612, 633, 934 P.2d 669 (1997); *accord* Day v. Santorsola, 118 Wn,.App. 746, 769-79, 76 P.3d 1190 (2003); Peterson v. Koester, 122 Wn.App. 351, 364, 92 P.3d 780 (2004).

Based on the previous findings in Defendants' favor on the remaining claims in this litigation, the Court has no difficulty reaching the conclusion that Defendants "substantially" prevailed in this matter, and are therefore the prevailing parties.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: May __4__, 2005

Marsha J. Pechman
U.S. District Judge

**AMENDED ORD
ON SUMM JMT - 2**